**Not For Publication**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HERTZ CORPORATION,<br><br>             Plaintiff,<br><br>   v.<br><br>BARRY A. WILLIS,<br><br>            Defendant.<br><br>_____/ | No. CV 11-4329 YGR (NJV)<br><br>**REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>(Docket No. 17) |

On August 31, 2011, Plaintiff The Hertz Corporation ("Hertz") filed this action against Defendant Barry A. Willis ("Willis") to obtain declaratory and monetary relief relating to Willis' alleged misrepresentations relating to a rental agreement between the parties. (Doc. No. 1.) Willis was served with the complaint but has not appeared in the action or responded to Hertz's complaint. (Doc. Nos. 9 and 10). On February 6, 2012, Hertz moved for default judgment solely on its first claim for declaratory judgment. (Doc. No. 17.) Willis has not opposed Hertz's Motion For Entry of Default Judgment. (Doc. No. 21.)

On January 12, 2012, the district court referred the case to the undersigned for a report and recommendation. The Court heard oral argument on April 3, 2012. Counsel for Hertz appeared at the hearing; Willis did not. Based on the papers filed by and the arguments of Plaintiff, the Court recommends that Plaintiff's motion for default judgment be denied. In addition, the undersigned recommends that the district court issue an order to show cause why the entire action should not be dismissed or, in the alternative, stayed pending final resolution of concurrent state court actions.

**I.  BACKGROUND**

On January 12, 2009, Hertz and Willis entered into a rental agreement for a 2008 Honda Accord ("Rental Agreement").  (Doc. No. 1.)  As part of the Rental Agreement, Hertz offered and Willis accepted the following limits on liability and auto insurance policies: (1) Loss Damage Waiver ("LDW"), (2) Liability Insurance Supplement ("LIS"), and (3) Personal Injury Protection ("PIP").  (*Id.* at 2.)  The LIS provides uninsured motorist protection of up to $100,000.  (*Id.*)

However, Hertz alleges that Willis, in order to secure the Rental Agreement, intentionally misrepresented that he was legally permitted to drive in California by offering a seemingly valid Arizona driver's license and representing that he lived in Arizona, when in fact Willis lived in California and had recently had his California driver's license suspended.  (Doc. No. 1 at 3.)  Hertz claims that but for those misrepresentations, it would not have agreed to rent Willis the rental car.  (Doc. No. 17 at 3.)

The Rental Agreement prohibits the use of the car by anyone "if the car has been obtained from Hertz by fraud or misrepresentation."  Doc. No. 17-2 at 13 (Rental Agreement) ¶ 5(e)(8).  The Rental Agreement further states that any use of the car in a prohibited manner will cause the renter to lose the benefit of any LDW, PAI, PEC[1] and LIS coverage, and "will constitute a breach of this agreement."  *Id*. at 14.

On or about January 20, 2009, Willis claims that he was involved in a hit-and-run car accident with a large truck and the rental vehicle.  (Doc. No. 1 at 3.)  When the California Highway Patrol responded to the accident, Willis showed the officer an Arizona driver's license and told an officer that he lived in California.  (*Id.*)  After finding four Nevada driver's licenses issued to Willis during a search of the vehicle, the officer requested a California DMV check and found that Willis' California driver's license had been suspended.  (*Id.*)

After the accident, Willis, through an attorney, made a claim with Hertz for $100,000 in damages pursuant to the LIS policy.  (*Id.* at 3-4.)  In response, Hertz began an investigation into the

---

[1] At the hearing, counsel for Plaintiff represented that PAI and PEC were "shorthand" for PIP coverage.

matter and requested that Willis provide Hertz certain information and submit to an examination under oath. (*Id.* at 4.) Willis denied those requests and Hertz continued with its investigation, which led it to believe that Willis resided in Stockton, California (not Arizona) and that the accident was not a hit-and-run but more likely involved Willis intentionally causing damage to the vehicle by backing into a fixed object. (Doc. No. 17-2 at 4.) On or about December 15, 2009, Hertz rejected Willis' LIS claim, rescinded the Rental Agreement and all coverages sold to Willis, and refunded Willis the $270.56 he had paid for the LDW, LIS, and PIP. (Doc. No. 1 at 4.) In its complaint, Hertz also claims that Willis made intentional misrepresentations as to the nature of the accident that occurred on or about January 20, 2009. (Doc. No. 1 at 7.)

Subsequently, Willis filed three lawsuits in Sacramento Superior Court alleging personal injury claims. The first case, *Willis v. Hertz Claim Management Corp.*, Case No. 34-2010-00074852, was dismissed without prejudice for lack of prosecution. The second case, *Willis v. Hertz Corp.*, Case No. 34-2011-00094614, is ongoing, and was referred to the Sacramento Superior Court's Trial Setting Process effective March 1, 2012, including a Mandatory Settlement Conference. In the third case, *Willis v. Hertz Corp.*, Case No. 34-2011-00103816, the court sustained Defendant Hertz Corporation's unopposed Demurrer with leave to amend on December 16, 2011; based on a review of the Sacramento Superior Court's docket, Willis did not amend his complaint within the deadline scheduled by the Superior Court. The Superior Court has scheduled a case management conference in that case on June 14, 2012. It thus appears that there are at least two state cases pending that involve the parties before this Court and pertain to the insurance coverage at issue in this lawsuit. Hertz asserts that it has had "no further involvement" in the last two cases (Doc. No. 24 at 2) but provides no evidence that the cases have been dismissed or that it has been finally dismissed from the cases.

On August 31, 2011, Hertz filed this action against Willis seeking declaratory relief as to its rescission of the contract, and alleging common law claims for fraud, intentional misrepresentation, concealment, and breach of contract relating to the Rental Agreement. (Doc. No. 1.) Willis was served on September 14, 2011, but has failed to respond or otherwise defend the action. (Doc. Nos. 5, 9 and 10.) On December 19, 2011, Hertz moved for entry of default (Doc. No. 9) and on

December 28, 2011, the Clerk of the Court entered default as to Willis (Doc. No. 10).  On January 12, 2012, this case was referred to the undersigned for a report and recommendation on Hertz's anticipated motion for default judgment.  On February 6, 2012, Plaintiff moved for default judgment solely on its declaratory judgment claim.  (Doc. No. 17.)  Willis has not opposed Hertz's Motion For Entry of Default Judgment (Doc. No. 21) and did not appear at the April 3, 2012 hearing on the motion.  Hertz submitted supplemental briefing pursuant to this Court's order.  (Doc. No. 24.)

## II. DISCUSSION

Hertz moves for default judgment only on its claim for declaratory judgment.  The Declaratory Judgement Act provides a remedy in federal court where there exists an actual case or controversy within the meaning of Article III of the United States Constitution.  *See* 28 U.S.C. § 2201(a); *see also Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (*en banc*) ("*Dizol*").  Hertz establishes the existence of an actual controversy, to wit, Willis has filed a claim against Hertz's insurance policy, and Hertz seeks a declaration that the insurance policy was rescinded and that it need not pay the claim.

A declaratory judgment action also must fulfill statutory jurisdictional prerequisites.  Hertz alleges that it is a citizen of Delaware, while Willis is a citizen of California.  The amount in controversy is $100,000, the claim that Willis has made against Hertz's insurance policy.  Accordingly, as the action arises between citizens of different states and the amount in controversy exceeds $75,000, the district court has jurisdiction under 28 U.S.C. § 1332.

Even if a lawsuit satisfies both these constitutional and statutory requirements, however, the district court also must be satisfied that entertaining the action is appropriate.  *Dizol*, 133 F.3d at 1223.  It is within the district court's sound discretion to decline to exercise the remedial powers conferred by the Declaratory Judgment Act.  *Id.*; *see also Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Co.*, 642 F.3d 849, 852-53 (9th Cir. 2011) (distinguishing between a federal court's discretion to decline to exercise the remedial power conferred by the Declaratory Judgment Act and its underlying jurisdiction to decide the matter).  A district court decides whether to entertain a declaratory judgment action by considering three primary factors: avoiding a "needless determination of state law issues;" discouraging forum shopping; and avoiding duplicative litigation.

4

*Dizol*, 133 F.3d at 1225 (applying the factors articulated in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942)); *see also Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir. 2001) (same).[2]

All three *Brillhart* factors weigh against providing a declaratory remedy in this case. First, Hertz asks the district court to decide matters arising purely under California common law and the California Insurance Code. There is no federal question or policy implicated here. Second, Hertz filed this lawsuit after Willis filed several lawsuits in state court seeking payment under Hertz's insurance policy, suggesting that Hertz is seeking a tactical advantage from litigating in a federal forum. Hertz could have filed a declaratory relief action in Sacramento County, where such action could have been related to and coordinated with Willis' pending state court actions.[3] *See, e.g., Polido v. State Farm Mut. Auto. Ins. Co*., 110 F.3d 1418, 1423 (9th Cir. 1997). Hertz's lawsuit is an "archetypical" reactive declaratory action of the type which "federal courts should generally decline to entertain." *Dizol*, 133 F.3d at 1225; *see also Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371-72 (9th Cir. 1991) (affirming dismissal of "reactive" suit filed by insurer during the pendency of a non-removable state court action presenting the same issues of state law). Finally, the subject of the declaration of rights Hertz seeks here necessarily will be addressed in California Superior Court when that court decides whether Willis is entitled to payment under the insurance policy. Hertz's declaratory relief claim is predicated on the same factual transaction, the same Rental Agreement, the same coverage language, and the same California law at issue in the state court proceedings. Entertaining this action at the very least would lead to the duplication of efforts by two courts, but also could interfere with a concurrent state court action. Judicial economy, comity and federalism would best be served by declining to entertain Hertz's declaratory judgment action.

---

[2] Even where no party objects to a district court's jurisdiction in a declaratory judgment action, "the preferable practice is for the district court expressly to consider whether a properly filed declaratory judgment action should be entertained." *Dizol*, 133 F.3d at 1226.

[3] In explaining why this federal action was the "only court action" in which Hertz could seek relief, Hertz represents that it has had no further involvement in the pending state actions. (Doc. No. 24 at 2.) Hertz argues that "it is unclear whether defendant Willis ever intends on prosecuting" the state actions, but that if he did prosecute them, Hertz would promptly remove them under diversity jurisdiction. (Doc. No. 24 at 2.) Assuming, *arguendo*, that Hertz would be able to remove the diversity action(s) at that point, the action(s) would not be declaratory relief actions and would not be subject to a *Brillhart* analysis.

The same principles of judicial economy, comity, and federalism strongly suggest that the entire action should be dismissed or, in the alternative stayed pending resolution of the state court proceedings between Hertz and Willis. The Ninth Circuit has emphasized that district courts should not, as a general rule, remand or decline to entertain claims for declaratory relief where other claims are joined with an action for declaratory relief. *Dizol*, 133 F.3d at 1225-26 & n.6. But this rule is limited to cases where the damages claims provide an independent basis for federal jurisdiction. *See Snodgrass v. Provident Life And Accident Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998) ("The appropriate inquiry . . . is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case"); *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001) ("The proper analysis, then, must be whether the claim for monetary relief is independent in the sense that it could be litigated in federal court even if no declaratory claim had been filed. In other words, the district court should consider whether it has subject matter jurisdiction over the monetary claim alone"). Here, federal jurisdiction is predicated entirely on Hertz's claim for declaratory relief in the action; there is no federal question at issue, and it does not appear that the breach of contract and fraud claims by themselves meet the $75,000 minimum amount in controversy requirement.[4] It does not appear that "if the request for a declaration simply dropped from the case," Hertz could maintain this diversity action in federal court. *Snodgrass*, 147 F.3d at 1168. Unless Hertz can demonstrate that its breach of contract and fraud claims independently meet the statutory jurisdictional requirements, it is entirely within the district court's discretion to stay or dismiss the entire action.

### III. RECOMMENDATION

For the reasons set forth above, the Court recommends that Hertz's motion for default judgment be denied. The Court further recommends that Hertz be ordered to show cause why the

---

[4] In its complaint, Hertz alleges that the damages it suffered as a result of Willis' fraud and his breach of contract are approximately $9,000 -- the property damage to the rental car. Doc. No. 1 at ¶ 31 (proximate result of Willis' fraudulent conduct was damage to vehicle), ¶ 37 (proximate result of Willis' breach of contract was $8,781 property damage to vehicle).

entire action should not be dismissed, or in the alternative stayed pending final resolution of the state court proceedings.

Any party may file objections to this report and recommendation with the district judge within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. Proc. 72(b); Civil L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: April 10, 2012

_____
NANDOR J. VADAS
United States Magistrate Judge